IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **Board of Trustees, Sheet Metal Workers'** ) | |
| **National Pension Fund, _et al._** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:09cv535 (LO/TRJ) |
| ) | |
| **Comfort Zone Air Conditioning** ) | |
| **& Heating Service, Inc.** ) | |
| **d/b/a Comfort Zone** ) | |
| **d/b/a Comfort Zone A/C & Htg. Svc**. ) | |
| **Inc.** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## REPORT AND RECOMMENDATION

This case is before the court on plaintiffs' motion for default judgment against defendant

Comfort Zone Air Conditioning & Heating Service, Inc. ("Comfort Zone") (Docket no. 7).

Process for defendant Comfort Zone was personally served by private process server on June 6,

2009 (Docket no. 4). No answer or other response to the complaint has been filed. The Clerk

entered default on August 20, 2009 (Docket no. 6).

### Jurisdiction and Venue

The court has subject matter jurisdiction under Sections 502 and 515 of the Employee

Retirement Income Security Act of 1974 ("ERISA")[1]; 29 U.S.C. § 185(a); and 28 U.S.C.§ 1331.

---

[1] 29 U.S.C. §§ 1132 and 1145.

1

Venue is proper in this court under Section 502(e)(2) of ERISA[2] and 29 U.S.C. § 185(a).  The complaint alleges facts on which the court has personal jurisdiction over defendant under Fed. R. Civ. P. 5(k) and Va. Code § 8.01-328.1(A)(4).

### Fact Summary

The following facts are established by the complaint and by plaintiffs' affidavits in support of default judgment.

Plaintiffs, Sheet Metal Workers' National Pension Fund ("NPF") (established under 29 U.S.C. §186(c)(5)),  International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI") (established under 29 U.S.C. §186(c)(5)), Sheet Metal Workers' International Association Scholarship Fund ("SMWIASF") (established under 29 U.S.C. §186(c)(5)), National Energy Management Institute Committee ("NEMIC") (established under 29 U.S.C. §186(c)(9)), and Sheet Metal Occupational Health Institute Trust Fund ("SMOHIT") (established under 29 U.S.C. §186(c)(5)), are employee benefits plans/trust funds that are administered in offices located in Alexandria, Virginia.  Pls.' Compl. ¶¶ 4-6; Shaw Declaration ("Shaw") ¶¶ 1-2.

Defendant, Comfort Zone, is a California corporation, and also an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11), and (12).   Defendant transacts business in the State of California with an office in the same.  Pls.' Compl. ¶ 13.

Comfort Zone is bound by a collective bargaining agreement ("Labor Contract") with Local Union 206 of the Sheet Metal Workers' International Association ("Union"), which obliges it to submit monthly remittance reports and attendant fringe benefit contributions to the

---

[2] 29 U.S.C. § 1132(e)(2).

plaintiff funds.  Pls' Compl. ¶ 13; Shaw ¶ 3.  Pursuant to the Labor Contract, defendant agreed to

pay the aforementioned funds certain sums of money for each hour worked by employees of the

defendant covered by the Agreements.  Pls.' Compl. ¶ 17.

Defendant has failed to pay timely these contributions due and owing to the funds on

behalf of its employees for work covered by the Labor Contract performed at defendant's

request.  Pls.' Compl. ¶ 38.  Furthermore, the defendant has failed to pay liquidated damages and

interest for its failure to make timely payments to the funds for the same months.  Id.  Payments

due to the funds are calculated separately for each fund on remittance reports required to be

prepared monthly by each contributing employer.  Pls.' Compl. ¶ 16.

### Contributions Owed, Interest and Liquidated Damages

More specifically, the defendant failed to make contributions to the funds (the NPF; ITI;

NEMIC; SMOHIT; SMWIASF) in the amount of $9,804.06.  Pls' Mem. in Supp. of Mot. for

Def. Judgm., p.28.  Consequently, pursuant to 29 U.S.C. § 185 (and Section 502(g)(2) of

ERISA[3] with respect to the NPF, ITI, and SMWIASF) plaintiffs are entitled to recover: (1) the

full amount of unpaid contributions; (2) liquidated damages, [4] (3) interest on contributions which

were paid late or remain unpaid;[5] and, (4) reasonable attorneys' fees and the cost of this action.

Plaintiffs' liquidated damages are assessed as follows.  Pursuant to the Labor

Contract, if an employer fails to make contributions when they become due, the plaintiffs may

---

[3] 29 U.S.C. § 1132(g)(2).

[4] Pursuant to Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C)

[5] Interest is assessed at the rate of 8.5%  per annum from the date due through the date of *payment*. In this case, the parties have agreed to the rate in their contract rather than the statutory rate established under 28 U.S.C. § 1961.

assess liquidated damages in an amount equal to ten percent of the unpaid contributions during the first month of the delinquency and thereafter at five percent for each additional month. Pls' Compl. ¶ 16. Similarly, liquidated damages for failure to timely file remittance reports are an amount equal to the greater of: (i) two hundred dollars per fund for each delinquent report; or (ii) ten percent of the contributions due for each delinquent report. Pls' Compl. ¶ 16. Given that the defendant's total contributions due currently equals $9,804.06, the liquidated damages figure owed to the ERISA funds [6] and the NEMIC and SMOHIT funds for failure to timely submit *contributions* is $4,384.95. Pls' Mem. in Supp. of Mot. for Def. Judgm., p. 28. The liquidated damages figure owed to the same funds for failure to timely file *remittance reports* is $11,521.55. The interest recovery, calculated through August 31st 2009 is $608.71 with post-judgment interest accruing at 8.5% compounded daily. Id. Finally, legal costs and fees total $7,132.22 Decl. of Elizabeth Cole docket no. 8-7.

The following amounts are due and owing:

| Fund | Contributions | Liquidated Damages 1[7] | Liquidated Damages 2[8] | Interest[9] |
|------|---------------|-------------------------|-------------------------|----------|
| NPF | $9,083.35 | $4,042.91 | $2,721.55 | $563.59 |

---

[6] In addition to the NPF, the term "ERISA funds" also encompasses plaintiffs ITI and SMWIASF, which have an overlapping right to judgment under ERISA and under collective bargaining agreements under 29 U.S.C. 185(a). Because the latter produces a higher judgment amount, the ITI and SMWIASF contributions are included in the ERISA total against the risk of not being able to collect under the contract.

[7] Liquidated damages for failure to timely submit contributions.

[8] Liquidated damages for failure to timely file remittance reports.

[9] Calculated through August 31, 2009.

| | | | | |
|---|---|---|---|---|
| NEMIC | $120.10 | $57.41 | $2,200.00 | $7.53 |
| SMWIASF | $40.02 | $16.88 | $2,200.00 | $2.52 |
| ITI | $480.51 | $229.49 | $2,200.00 | $30.06 |
| SMOHIT | $80.08 | $38.26 | $2,200.00 | $5.01 |
| **TOTAL** | **$9,804.06** | **$4,384.95** | **$11,521.55** | **$608.71** |

### Attorneys' Fees and Costs

Section 502(g)(2) of ERISA[10] and the Labor Contract provide that an employer may be required to pay all attorneys' fees and costs incurred.  Plaintiffs' counsel avers under oath that the following is an accurate representation of the attorneys' fees and costs incurred, totaling $7,132.22, in this proceeding:

| Attorneys' Fees | | |
|---|---|---|
| **Service** | **Hours worked** | **Rate** |
| Counsel #1 | 0.5 | $195.00 |
| Counsel # 2 | 35.4 | $180.00 |
| Paralegal | 0.3 | $70.00 |

| Costs | |
|---|---|
| **Filing Fee** | **$350.00** |
| **Computer Research** | **$102.80** |

---

[10] 29 U.S.C. § 1132(g)(2).

5

| | |
|---|---|
| **Special Delivery** | **$12.77** |
| **Postage Charge** | **$14.03** |
| **Photocopies** | **$5.32** |
| **Service Fee** | **$104.90** |
| **Special Delivery 2** | **$12.90** |
| **TOTAL** | **$602.72** |

The magistrate judge has examined the record and finds that these amounts are reasonable compensation for work necessarily expended to enforce plaintiffs' rights.

On these facts, the magistrate judge finds that the submitted pleadings and affidavits establish that plaintiffs are entitled to a default judgment and damages in accordance with the following:

| **Total Amount Due** | |
|---|---|
| **Delinquent Contributions** | **$9,804.06** |
| **Liquidated Damages** | **$15,906.50** |
| **Accrued Interest** | **$608.71** |
| **Attorneys' Fees** | **$3,415.50** |
| **Costs** | **$602.72** |
| **Total** | **$33,451.49** |

<u>**Recommendation**</u>

The magistrate judge recommends that default judgment be entered against defendant Comfort Zone Air Conditioning and Heating, in favor of plaintiffs, NPF, ITI, NEMIC, SMOHIT, and SMWIASF, in the amount of $33,451.49.  The magistrate judge further recommends that the court enjoin defendant from violating the terms of plaintiffs' employee benefit plan and order defendant to submit timely contributions and reports to plaintiffs' fund.

**<u>Notice</u>**

By means of the court's electronic filing system, and by mailing a copy of this report and recommendation to defendant at its address for service of process, the parties are notified as follows.  Objections to this report and recommendation must be filed within ten (10) days of service on you of this report and recommendation.  A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

_____
/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

October 16, 2009
Alexandria, Virginia

7